IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROLAND RENNER                    §
(#A070111439),                   §
                                 §
              Petitioner,        §
                                 §
V.                               §            No. 3:18-cv-1209-S-BN
                                 §
ICE,                             §
                                 §
              Respondent.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Roland Renner, then a detainee at the Prairieland Detention Center, in the Dallas Division of this district, filed, no sooner than April 30, 2018, a petition under 28 U.S.C. § 2241 challenging both his detention pursuant to a final order of removal and the removal order itself. *See* Dkt. No. 1.

This resulting habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

The government has filed a court-ordered response opposing the petition that includes the sworn declaration of a deportation officer affirming that Renner "was physically removed from the United States to Ghana on June 19, 2018." Dkt. No. 12 at 9; *see generally* Dkt. Nos. 11 & 12.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Renner's habeas petition.

## Applicable Background, Legal Standards, and Analysis

As the government correctly explains, "Renner was taken into ICE custody in July 2017 pursuant to a 1992 final order of removal. After Renner filed this habeas petition, ICE removed him from the United States on June 19, 2018." Dkt. No. 11 at 1 (citation omitted); *see generally* Dkt. No. 12.

First, to the extent that Renner challenges through a Section 2241 petition filed in a federal district court his final order of removal, the Court lacks jurisdiction to consider that challenge.

> The REAL-ID Act, which became effective May 11, 2005, altered the judicial review of removal orders in habeas corpus proceedings. *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005). Under the pertinent provision of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). The Act stripped the district courts of jurisdiction over § 2241 petitions attacking removal orders. *Rosales*, 426 F.3d at 735-36.

*Moreno v. Dixon*, 558 F. App'x 403, 404 (5th Cir. 2014) (per curiam) (affirming the district court's "*sua sponte* dismissal, for want of subject-matter jurisdiction, of [a former federal prisoner's] 28 U.S.C. § 2241 petition, in which he challenged a final order of removal"); *see also Sandoval-Lopez v. Tillerson*, 713 F. App'x 255, 258-59 (5th Cir. 2017) (per curiam) ("[T]he REAL ID Act made clear that 'no court shall have jurisdiction [ ] by habeas corpus under [§] 2241 ... or by any other provision of law (statutory or nonstatutory)' to review claims 'arising from any action or proceeding brought to remove an [individual] from the United States,' and that all review of removal orders brought 'under [§ 1252] shall be available only in judicial review of a

final order under [§ 1252].' This directs review of an order of removal through the procedure outlined in § 1252." (quoting 8 U.S.C. § 1259(b)(9))).

Although Renner's 1992 final order of removal predates the enactment of the REAL-ID Act, "the REAL ID Act applies retroactively." *Sandoval-Lopez*, 713 F. App'x at 258 (citation omitted).

And, as to any challenge to Reener's post-removal-order detention, "because he is no longer detained and has been removed from the United States, [that] challenge is now moot." *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (per curiam) (citing *Odus v. Ashcroft*, 61 F. App'x 121, 2003 WL 342719, at *1 (5th Cir. Feb. 7, 2003) (per curiam); *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986)).

## Recommendation

The Court should dismiss the Section 2241 petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 26, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE